**Opinion filed April 30, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-25-00057-CR

_____

## ROY DAVID PERRY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15936-D**

### M E M O R A N D U M   O P I N I O N

A jury convicted Appellant, Roy David Perry, of the first-degree felony offense of possession of methamphetamine with intent to deliver and the third-degree felony offense of tampering with physical evidence. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (West Supp. 2025); TEX. PENAL CODE Ann. § 37.09(a), (c) (West Supp. 2025). After finding the State's enhancement allegations to be "true," the trial court assessed Appellant's punishment at imprisonment for forty years and twenty-five years, respectively, in the Institutional Division of the

Texas Department of Criminal Justice and ordered that the sentences be served concurrently.

Appellant has now filed a motion to dismiss this appeal. The motion is signed by Appellant and Appellant's appellate counsel in compliance with Rule 42.2(a) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 42.2(a).

We grant Appellant's motion and dismiss this appeal.[1]

W. STACY TROTTER

JUSTICE

April 30, 2026

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]Appellant's motion to dismiss was filed after the parties' briefs were filed in this court. In their briefs, Appellant argued, and the State agreed, that the trial court's judgment for the tampering conviction should be modified to correct the designation of the offense and statute of conviction. Although we have the authority to modify and reform a trial court's judgment when we have the necessary information to do so, *see Rhodes v. State*, 712 S.W.3d 226, 235 (Tex. App.—Eastland 2025, no pet.), we may only issue judgments as authorized by Rule 43.2. *See* TEX. R. APP. P. 43.2(b), (f) (stating, in relevant part, that a court of appeals may modify and affirm a trial court's judgment or dismiss an appeal). Thus, this deficiency may be more appropriately addressed to the trial court in a motion for judgment nunc pro tunc.